**In re the MARRIAGE OF Randall K. BALDWIN and Jeanie D. Baldwin.**

**Randall K. BALDWIN, Appellant,**

v.

**Jeanie D. BALDWIN, Respondent.**

**No. 15454.**

Missouri Court of Appeals, Southern District, Division One.

June 6, 1988.

Samuel J. Short, Jr., Stockton, for appellant.

Wm. G. McCaffree, Nevada, for respondent.

PER CURIAM.

In this appeal from a decree dissolving an 18–year marriage, appellant Randall K.

Baldwin maintains the trial court erred in (1) valuing two major items of marital property, (2) awarding respondent Jeanie D. Baldwin a disproportionate share of the marital assets, and (3) ordering appellant to pay respondent an excessive amount of child support plus $2,000 toward her attorney's fee.

We have scrutinized the 292–page transcript of the trial, examined the numerous exhibits, and carefully studied the parties' briefs. The cause was skillfully tried and comprehensively briefed by able counsel for each side.

It is our determination in this judge-tried case, reviewable under Rule 73.01,[1] that the judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and that no error of law appears. That is our standard of review. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976); *In re Marriage of Campbell*, 685 S.W.2d 280, 283[3] (Mo.App. 1985); *Bull v. Bull*, 634 S.W.2d 228, 229[1] (Mo.App.1982). The Dissolution of Marriage Act, §§ 452.300–.420, RSMo 1986, as amended, leaves the division of marital property to the sound discretion of the trial court, and its decision should be upheld unless an abuse of discretion is shown. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64[3] (Mo. banc 1983). None is shown here. The foregoing determinations are dispositive of this appeal, and we have concluded that an opinion would have no precedential value.

It is therefore ordered that the decree of dissolution of marriage be affirmed in compliance with Rule 84.16(b).